UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

RAVIT SAPIR,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, RAVIT SAPIR, is a citizen of Israel.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD., is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

- 1 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard its vessels.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Harmony of the Seas*.

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Harmony of the Seas*.

9. On or about September 16, 2017, the Plaintiff was a paying passenger aboard the *Harmony of the Seas* vessel, which was in navigable waters.

10. On or about September 16, 2017, the Plaintiff was in the course of finding seating for the show, "The Fine Line," at the theater aboard the vessel. Unbeknownst to Plaintiff at the time, as part of the show, water is splashed from the stage toward the audience and/or the theater's seats and/or stairs. As Plaintiff was descending the theater's stairs in the evening, she slipped and fell due the wet, slippery and/or hazardous flooring surface caused by the water splashed during the earlier showing. As a result thereof, Plaintiff sustained severe injuries.

## COUNT I – NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

12. On or about September 16, 2017, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to maintain the subject area in a clean and dry condition; and/or

   b. Failure to adequately and regularly clean/dry the subject area, especially after each showing; and/or

   c. Failure to adequately and regularly inspect the subject area for wet and slippery conditions; and/or

   d. Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

   e. Failure to correct hazardous conditions following other slip-and-fall accidents on the same area, same deck and/or same flooring surface; and/or

   f. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the theater; and/or

   g. Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

   h. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

- 4 -

    i. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff; and/or

    j. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

    k. Failure to have adequate lighting in the subject area; and/or

    l. Failure to close off and/or place warning signs on or around the wet and slippery areas in the theater; and/or

    m. Failure to adequately warn the Plaintiff of the wet and slippery condition of the subject area; and/or

    n. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject area; and/or

    o. Failure to adequately warn passengers and the Plaintiff of other slip-and-fall accidents previously occurring on same area, same deck and/or same flooring surface.

13. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

14. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost

wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

> Respectfully submitted,
>
> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 S. Biscayne Boulevard
> Miami, Florida 33131
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By:  */s/ Jacqueline Garcell*
> **JASON R. MARGULIES**
> Florida Bar No. 57916
> jmargulies@lipcon.com
> **JACQUELINE GARCELL**
> Florida Bar No. 104358
> jgarcell@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

> By:  */s/ Jacqueline Garcell*
> **JACQUELINE GARCELL**
> Florida Bar No. 104358